UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

Grace Marie Collins,                                        Chapter 7
                                                           Case No.: 8-15-70892-ast


                                  Debtor.
--------------------------------------------------------x
Robert L. Pryor, Chapter 7 Trustee,

                                  Plaintiff,

        -against-                                          Adv. Pro. No.: 8-17-08027-ast

Grace Marie Collins,
Co-Trustee of Grace Marie Collins Trust,
Margaret Hanley, Individually and
Co-Trustee of Grace Marie Collins Trust

                                  Defendants.
--------------------------------------------------------x

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS,
### AND REQUIRING JOINDER OF A PARTY

Pending before the Court is the Rule 12(b)(6) motion (the "Motion to Dismiss") of defendants Grace Marie Collins ("Debtor"), as Co-Trustee of Grace Marie Collins Trust, and Margaret Hanley ("Hanley"), Individually and as Co-Trustee of Grace Marie Collins Trust, (collectively "Defendants") (the "Trust" or "Trust Agreement") [dkt item 6] to dismiss this adversary proceeding ("action" or the "Complaint") commenced by plaintiff Robert L. Pryor (the "Trustee").  [dkt item 1]  The grantor of the Trust, who is not a party in this action, has the same name as co-trustee Hanley: Margaret Hanley ("Grantor").  The Trustee commenced this action based on Defendants' alleged failure to distribute the Trust corpus to Debtor upon Grantor's spouse's death ("Grantor's Spouse").  For the reasons set forth herein, the Court denies Defendants' Motion to Dismiss, and requires the Trustee to join Grantor in this action.

1

## JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), and (O), and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Findings of fact and conclusions of law are not required on a Rule 12(b)(6) motion, and this Court accepts as true all properly plead factual allegations in the Complaint and draws all inferences in favor of the Trustee for the purposes of deciding this Motion to Dismiss.

## BACKGROUND AND PROCEDURAL HISTORY[1]

### *General Background*

On October 8, 2009, Grantor and Defendants entered into the Trust Agreement, which, *inter alia*, provides for the conveyance of certain property to the Trust, and for the handling and disposition thereof.  This property includes a: (1) 100% undivided interest in non-residential, real property located at 198 Head of the Neck Road, Manorville, NY; and (2) 70% interest in Long Island Horticulture, Inc. ("Corpus").

On November 17, 2009, Grantor's Spouse passed away ("Grantor's Spouse's Death").

On March 6, 2015, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  [15-70892; dkt item 1]  Debtor received a discharge on August 19, 2015.

On March 13, 2017, the Trustee commenced this action against Defendants.  [dkt item 1] In the Complaint, the Trustee asserted the following four causes of action: (1) a declaratory

---

[1] The factual background and procedural history are derived from the pleadings and exhibits that the parties submitted.

judgment that the Trust Corpus is property of Debtor's estate pursuant to § 541(a); (2) for turnover of the Trust Corpus to the Trustee and an accounting for the property or its value, pursuant to § 542(a); (3) to (i) avoid Defendants' transfer to the Trust of Debtor's interest in the Trust Corpus pursuant to § 548(e)(1); (ii) recover the Trust Corpus or the value thereof pursuant to § 550(a); and (iii) preserve the avoided transfer pursuant to § 551; and (4) for a judgment pursuant to § 105(a) and New York common law of unjust enrichment for (i) the value of the Trust Corpus as of Grantor's Spouse's Death; (ii) the net income from the Trust Corpus from the date of Grantor's Spouse's Death; and (iii) interest thereon from the date of Grantor's Spouse's Death, at the rate of 9% per annum.  The Trustee asserted all causes of action against Defendants as co-trustees asserting joint and several liability, and also asserted the fourth cause of action against Hanley individually.  The Trustee seeks relief based on Defendants' alleged failure to distribute the Trust Corpus to Debtor upon Grantor's Spouse's Death.

On April 21, 2017, Defendants filed their Motion to Dismiss the Complaint.  Although they moved under Rule 12(b)(6), Defendants attached a copy of the Trust Agreement as well as affidavits from Hanley, Grantor, and David J. DePinto, Esq., the attorney who drafted the Trust Agreement.  [dkt item 6]  Because it is vague as to the specific relief sought and the legal bases therefore, the Court construes the Motion to Dismiss as moving to dismiss only the first and second causes of action in the Complaint.

On May 4, 2017, the Trustee filed his Affirmation in Opposition to the Motion to Dismiss the Complaint ("Trustee's Opposition").  [dkt item 8]

On May 10, 2017, Defendants filed their Affirmation in Reply to the Trustee's Opposition.[2]  [dkt item 9]

---

[2]  The Court notes that in the Motion to Dismiss, Defendants request attorneys' fees in the amount of $2,500.  In the Trustee's Opposition, he cross-claims for sanctions, including reasonable attorneys' fees and other costs incurred in

## LEGAL ANALYSIS

### *Standard Applicable to a Motion to Dismiss*

This Court has previously addressed the application of Rule 12(b) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7012, and the flexible plausible pleading standard established by the Supreme Court in several published decisions. *See Devices Liquidation Trust v. Pinebridge Vantage Partners (In re Pers. Commun. Devices, LLC)*, 528 B.R. 229, 233–34 (Bankr. E.D.N.Y. 2015); *Moxey v. Pryor (In re Moxey)*, 522 B.R. 428, 437–38 (Bankr. E.D.N.Y. 2014); *In re Ippolito*, 2013 WL 828316, at *3–4 (Bankr. E.D.N.Y. Mar. 6, 2013), discussing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) (pleading standard for a § 1983 claim) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (pleading standard for anti-trust conspiracy claim); *see also In re Int'l Tobacco Partners, Ltd.,* 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011); *In re Jones*, 2011 WL 1549060, at *2–3 (Bankr. E.D.N.Y. Apr. 21, 2011); *In re Coletta*, 391 B.R. 691, 693–94 (Bankr. E.D.N.Y. 2008).

Under the Supreme Court's *Iqbal/Twombly* analysis, to survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at

---

responding to Defendants' demand for sanctions. Because no viable basis for either party's request for fees has been demonstrated, both requests are denied.

557).

Neither *Iqbal* nor *Twombly* departed from the standard that, in considering a Rule 12(b)(6) motion, a court is to accept as true all factual allegations in the complaint and draw all inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555–56; *see also Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). However, as the Supreme Court stated in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, a court need not "accept as true a legal conclusion couched as a factual allegation," and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 678–79 (*citing* Fed R. Civ. P. 8(a)(2)).

In deciding the Motion to Dismiss, this Court must limit its review to facts and allegations contained in the complaint, documents incorporated into the complaint by reference or attached as exhibits, and matters of which this Court may take judicial notice. *Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Moxey*, 522 B.R. at 437–38; *see also, Int'l Tobacco Partners, Ltd.,* 462 B.R. at 385 ("courts may consider documents that are integral to the complaint in deciding a motion to dismiss"). "[A]n affidavit . . . containing a statement of facts contradicting those in the [c]omplaint is not" an integral document. *Howard v. Town of Bethel*, 481 F. Supp. 2d 295, 308 (S.D.N.Y. 2007); *Doktor v. Werner Co.*, 762 F. Supp. 2d 494, 500 (E.D.N.Y. 2011) (noting on motion to dismiss court may "consider documents such as [a] Bankruptcy Court Order," but "may not decide issues of fact such as that presented" by an affidavit).

***What Documents the Court May Consider in Reviewing the Motion to Dismiss***

In the Motion to Dismiss, Defendants do not recount what any of the causes of action are in the Complaint, nor provide the requisite pleading standards for them. Defendants also do not cite to a single section of the Bankruptcy Code or any case law on which they rely. The only authority upon which Defendants rely is case law for the standard applicable to a motion to dismiss. Defendants simply argue, in conclusory fashion, that the factual allegations in the Complaint are inadequate to state a claim against them, and that the Complaint is misleading because it references only one paragraph of the Trust and omits "material information (the remainder of the Trust document)."

Without explicitly stating that the Trust Agreement is unambiguous, Defendants' apparent basis for their Motion to Dismiss is their claim that they interpret the Trust Agreement correctly, and the Trustee interprets it incorrectly.[3] They also argue that the Trust is a spendthrift trust, assets of which are protected from Debtor's creditors, but ignore the fact that assets of a spendthrift trust are not forever protected from a debtor's creditors, and that the Trustee's Complaint alleges an instance that could end this protection; i.e., when trust property is distributed to a beneficiary upon termination of the trust.

In deciding the Motion to Dismiss, the Trust Agreement may be considered as it is a document that is integral to the Complaint; the Trustee relies on the Trust Agreement's existence and its terms in the Complaint as the basis for his claim that the Trust Corpus is property of Debtor's estate. *Devices Liquidation Trust*, 528 B.R.at 234; *Int'l Tobacco*, 462 B.R. at 385; *In re Britton*, 300 B.R. 155, 158 (Bankr. D. Conn. 2003) (internal citation omitted). As noted above, Defendants provided the Court with the Trust Agreement, and therefore the Court has considered

---

[3] Defendants also state without discussion that the cause of action, which they do not specify, against Hanley in her individual capacity can be dismissed because of the Trust's hold harmless clause.

it in deciding this motion.  However, the affidavits Defendants submitted are not integral because they contain statements of fact that contradict those in the Complaint.  The Court therefore rejects Defendants' assertion that the affidavits are necessary to determine the plausibility of the Trustee's claims, and declines to consider them at this pleading stage.

### *Trustee Has Plausibly Stated a Claim for His First Cause of Action*

The Trustee's first cause of action is for a declaratory judgment that the Trust Corpus constitutes property of Debtor's estate pursuant to § 541(a).  The Trustee argues that Article 5.4 of the Trust Agreement[4] required Defendants, upon Grantor's Spouse's Death, to distribute the Trust Corpus to Debtor, and that therefore the Trust Corpus is property of Debtor's estate as property to which Debtor has a legal or equitable interest.  The Trustee reasons that Grantor's Spouse's Death triggered Article 5, titled "Distribution Upon the Death of the Grantor's Spouse," and that Grantor's Spouse's failure to exercise his limited power of appointment, pursuant to Article 5.2, triggered Article 5.4, titled "Distribution in Default of Exercise of Power of Appointment."

Conversely, Defendants argue that because Grantor is still alive, Article 2, titled "Disposition of Trust Estate During the Grantor's Lifetime," which addresses disposition of the Trust Corpus during Grantor's lifetime[5], is the only section that is applicable, and that therefore Article 5.4 has not been trigged.  Defendants do not argue that when the Trustee's factual allegations are accepted as true, that the Trustee has not stated a plausible cause of action that the

---

[4] 5.4 DISTRIBUTION IN DEFAULT OF EXERCISE OF POWER OF APPOINTMENT
In the event that the Grantor's Spouse has not exercised the limited power of appointment conferred upon the Grantor's Spouse in Section 5.2 of this Article as to the Trust Estate or any trust share hereunder, then upon the death of the Grantor's Spouse, the Trustees shall distribute the remaining Trust Estate to the Grantor's daughter, GRACE MARIE COLLINS, if she is then living, and if she is not then living, to her then living issue, per stirpes, and if no such issue are then living, to the Grantor's then living issue, per stirpes.
[5] For example, Article 2.1, titled "Income Distributions," provides "During the Grantor's lifetime, the Trustee shall pay from time to time all of the net income from the Trust Estate to or for the benefit of the Grantor."  Article 2.3, titled "Principal Distributions," provides "During the Grantor's lifetime, the Trustee may pay as much of the principal from the Trust Estate, other than the Grantor's personal residence . . . as the Trustees shall deem proper, to or for the benefit of the Grantor's daughter, GRACE MARIE COLLINS."

Trust Corpus has become property of the estate; rather, Defendants argue that the Trustee's construction of the Trust Agreement is simply erroneous, and provide extraneous affidavits to support their construction.

Section 541(a) of the Bankruptcy Code defines property of the estate to include all of a debtor's legal and equitable property interests as of the commencement of the bankruptcy case and any property interest "that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(1), (7). "As the Second Circuit has explained, property of the bankruptcy estate encompasses 'every conceivable interest of the debtor, future, non-possessory, contingent, speculative, and derivative....'" *In re Maloney*, No. 05-88735-AST, 2012 WL 1890314, at *5 (Bankr. E.D.N.Y. May 23, 2012) (*quoting Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008)).

In a trust, a remainder is a type of future estate that is "created in favor of a person other than the [grantor]." N.Y. EST. POWERS & TRUSTS § 6-4.3 (McKinney 2017). Courts in the Second Circuit "have long held that a remainder interest, whether considered contingent or vested subject to divestment, constitutes property of the Debtor's bankruptcy estate under 11 U.S.C. § 541(a)(1)." *In re Maloney*, No. 05-88735-AST, 2012 WL 1890314, at *5 (*quoting In re Cady*, 440 B.R. 20 (Bankr. N.D.N.Y. 2010) (citing cases)). A contingent remainder is another name for a remainder subject to a condition precedent. *In re Maloney*, No. 05-88735-AST, 2012 WL 1890314, at *5, n.6 (*quoting Izzo v. Brooks*, 435 N.Y.S.2d 485, 491 (N.Y. Sup. Ct. 1980)) ("Prior to the enactment of the statute, remainder subject to a condition precedent was commonly called a 'contingent remainder.'"). A remainder "subject to a condition precedent is an estate created in favor of one or more unborn or unascertained persons or in favor of one or more presently ascertainable persons upon the occurrence of an uncertain event." *In re Maloney*, No. 05-88735-AST, 2012 WL

1890314, at *4, n.5 (*quoting* N.Y. EST. POWERS & TRUSTS § 6-4.10 (McKinney 2011)).

A trust gives the trustee of the trust legal title and the beneficiary of the trust equitable title in the trust property.  N.Y. EST. POWERS & TRUSTS § 7-1.1, Practice Comment (McKinney 2017). Trust property "is also referred to as the 'trust estate,' 'principal,' 'res,' 'corpus,' 'capital,' the 'subject' or the 'subject matter of the trust.'"  15B WEST'S MCKINNEY'S FORMS ESTATES AND SURROGATE PRACTICE § 10:3 (2017).  Principal is defined as "property, disposed of in trust, in income from which is payable to or to be accumulated for an income beneficiary and the title to which is ultimately to vest in the person entitled to the future estate."  N.Y. Est. POWERS & Trusts § 11-2.1 (McKinney 2017).

Here, accepting the Trustee's factual allegations as true, the Court concludes that he has stated a plausible claim that the Trust Corpus constitutes property of Debtor's estate.  Article 5.4 of the Trust Agreement provides, in relevant part, that if "Grantor's Spouse has not exercised the limited power of appointment conferred upon the Grantor's Spouse in Section 5.2 of this Article as to the Trust Estate or any trust share hereunder, then upon the death of the Grantor's Spouse, the Trustees shall distribute the remaining Trust Estate to the Grantor's daughter, GRACE MARIE COLLINS."  The Trustee argues that since Grantor's Spouse did not exercise his limited power of appointment prior to his death, the Trust Corpus vested in Debtor upon Grantor's Spouse's Death. The Trustee impliedly argues that Debtor held equitable title in the Trust Corpus when she was given a remainder interest, and that he now holds legal title to the Trust Corpus because of Grantor's Spouse's Death.  *See In re Colish*, 289 B.R. 523, 539 (Bankr. E.D.N.Y. 2002) (noting contingent remainder interest constitutes property of estate).  Therefore, the Trustee has plausibly stated a claim that the Trust Corpus is property of Debtor's estate pursuant to § 541(a).

***Trustee Has Plausibly Stated a Claim for His Second Cause of Action***

The Trustee's second cause of action is for Defendants to turnover the Trust Corpus to the Trustee pursuant to § 542(a). The Trustee alleges that Defendants are in possession, custody, or control of the Trust Corpus, that Debtor's interest in the Trust Corpus is not of inconsequential value or benefit to Debtor's estate, and therefore Defendants must deliver the Trust Corpus to the Trustee and account, jointly and severally, for the Trust Corpus' value. Defendants' Motion to Dismiss is silent as to why this particular cause of action fails to state a claim.

Section 542 provides, in relevant part, that "an entity . . . in possession, custody, or control, during the case, of property [of the estate] that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). "The term 'entity' includes person, estate, trust, governmental unit, and United States trustee." 11 U.S.C § 101(15). "Courts have found that in a Chapter 7 case, the trustee may seek turnover of estate property from any individual or entity, including a debtor, that has possession, custody, or control of estate property." *In re Brizinova*, 554 B.R. 64, 76 (Bankr. E.D.N.Y. 2016) (*citing Ackerman v. Schultz (In re Schultz)*, 250 B.R. 22, 28 (Bankr. E.D.N.Y. 2000)).

To state a § 542(a) claim, the Trustee must allege three elements. First, the Trustee must allege that an entity has possession, custody, or control of property of the estate. *In re Brizinova*, 554 B.R. at 76. There must be no dispute as to "the estate's interest in the property sought to be turned over." *In re 11 E. 36th LLC*, No. 13-11506 (JLG), 2015 WL 2445075, at *11 (Bankr. S.D.N.Y. May 20, 2015) ("Section 542(a) does not apply if title [to the property of which turnover is sought] is disputed.") (*quoting Penthouse Media Grp. v. Guccione (In re Gen. Media, Inc.)*, 335

B.R. 66, 76 (Bankr. S.D.N.Y. 2005)).  The Trustee alleges that Defendants "are in possession, custody, or control of the [trust c]orpus."  Defendants are each considered an entity because they are both people.  In addition, by virtue of the Court determining that the Trustee sufficiently plead his first cause of action, if he ultimately prevails, the Trust Corpus would be property of the estate subject to turnover.  Thus, the Trustee sufficiently plead the first element.

Second, the Trustee must allege that he may use, sell, or lease the property.  *In re Brizinova*, 554 B.R. at 77.  This element "looks to whether the property at issue constitutes property that the Trustee may use, sell, or lease. Such property is defined broadly by Section 541 and includes 'all legal or equitable interests of the debtor in property as of the commencement of the case.'"  *Id.* (*quoting* 11 U.S.C. § 541(a)(1)).  "[T]his element has been adequately plead[] if the Trustee seeks the turnover of property that can be put to use in connection with the administration of the estate, including paying the claims of creditors and the costs of administration of the estate."  *Id.*  As noted, the Trustee alleges that the Trust Corpus is property of Debtor's estate, "and as property of the estate, the Trustee would be able to 'use, sell, or lease' [it] . . . in connection with the performance of his duties."  *Id.*  Thus, the Trustee has sufficiently plead the second element.

Third, the Trustee must allege that the property is not of inconsequential value or benefit to the estate.  The Trustee alleges that the Trust Corpus consists of the 100% undivided interest in real property located at 198 Head of the Neck Road, Manorville, NY and the 70% interest in Long Island Horticulture, Inc., and that Debtor's interest in the Trust Corpus is not of inconsequential value or benefit to Debtor's estate.  Drawing all inferences in favor of the Trustee, the Court determines that the assets that the Trust Corpus is comprised of would at least provide some value to the estate.  Thus, the Trustee has sufficiently plead the third element.  Therefore, accepting these factual allegations as true and drawing all inferences in favor of the Trustee, the Trustee has

plausibly stated a claim for turnover pursuant to § 542(a).

### The Court  Requires the Joinder of Grantor as a Party

Even if none of the parties in an action have raised Rule 19 of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7019, where a required person or entity is absent, the court may *sua sponte* order joinder of that required party. *Crotona 1967 Corp. v. Vidu Bros. Corp.*, 925 F. Supp. 2d 298, 306 (E.D.N.Y. 2013); *see also Storey v. O'Brien*, No. 08CV4844SJ RLM, 2009 WL 3075602, at *2 (E.D.N.Y. Sept. 23, 2009) (*quoting Mastercard Int'l Inc. v. Visa Int'l Serv. Assoc.*, 471 F.3d 377, 383 (2d Cir. 2006)) ("Because Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue *sua sponte* even if it is not raised by the parties to the action."); *In re Waterman S.S. Corp.*, 200 B.R. 770, 775 (Bankr. S.D.N.Y. 1996) ("Parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."). *See also* Fed. R. Bankr. P. 1001 (providing Bankruptcy Rules are to be construed "to secure the just, speedy, and inexpensive determination" of each action).

Rule 19 provides a two-step inquiry a court uses to determine whether an absent person or entity must be joined in an action.[6]  *In re Norstan Apparel Shops, Inc.*, 367 B.R. 68, 83 (Bankr.

---

[6] "(a) Persons Required to Be Joined if Feasible.
    (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
        (A) in that person's absence, the court cannot accord complete relief among existing parties; or
        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
            (i) as a practical matter impair or impede the person's ability to protect the interest; or
            (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
    (2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
    (3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be

E.D.N.Y. 2007) (*citing United States v. Sweeny*, 418 F. Supp. 2d 492, 499 (S.D.N.Y. 2006)).  First, pursuant to Rule 19(a), the court determines whether (1) the absent party is required; and (2) if so, whether joinder is feasible.  Fed. R. Civ. P. 19(a).  If Rule 19(a) is satisfied, then the absent party must be joined, and the inquiry stops there.  On the other hand, if the absent party must be joined, but joinder is not feasible, then the court should consider various non-exclusive factors under Rule 19(b) in order to determine whether the action should proceed in the required party's absence.  *Republic of Philippines v. Pimentel*, 553 U.S. 851, 862 (2008).

The general rule for actions regarding trust property, "brought either by or against the trustees, [is that] the *cestuis que trust* as well as the trustees are [required] parties."  *Carey v. Brown*, 92 U.S. 171, 172 (1875); *see also Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982) (*citing* G. Bogert & G. Bogert, TRUSTS & TRUSTEES § 522, at 36 (rev. 2d ed. 1978)) (noting in an action to remove trustee, restore trust assets, or require accounting, general rule is that all trust beneficiaries must be joined); *Matthies v. Seymour Mfg. Co.*, 270 F.2d 365, 370 (2d Cir. 1959) (noting in an action against trustee for surcharge and to restore trust corpus, all trust beneficiaries must be joined "to avoid the unfair repetition of actions against the defendant trustees which could result from individual relitigation by each successive beneficiary if the first plaintiff lost"); *Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 06 CV 5743 HB, 2010 WL 3825735, at *9 (S.D.N.Y. Sept. 30, 2010) (*citing Du Pont–De Bie v. Tredegar Trust Co.*, 877 N.Y.S.2d 331,

---

dismissed. The factors for the court to consider include:

    (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

    (2) the extent to which any prejudice could be lessened or avoided by:

        (A) protective provisions in the judgment;

        (B) shaping the relief; or

        (C) other measures;

    (3) whether a judgment rendered in the person's absence would be adequate; and

    (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

Fed. R. Civ. P. 19(a)–(b).

332 (1st Dept.2009)) (noting general rule in New York is that trust beneficiaries are required parties in actions regarding a trust); *but see Hudnall v. Payne*, No. 6:14-CV-133, 2014 WL 11512718, at *2 (E.D. Tex. Nov. 24, 2014), *report and recommendation adopted*, No. 6:14CV133, 2015 WL 163917 (E.D. Tex. Jan. 12, 2015) (noting a need for flexibility, in applying Rule 19, which is grounded in pragmatic concerns for the parties and the litigation).

In an action to determine beneficiaries' respective interests in a trust, all beneficiaries must be joined. *Walsh v. Centeio*, 692 F.2d 1239, 1245 n.6 (9th Cir. 1982) (*citing Sadler v. Sadler*, 167 F.2d 1 (9th Cir. 1948)); *Mutchler v. Wilson*, No. 5:15-CV-150-GNS-LLK, 2015 WL 7015326, at *4 (W.D. Ky. Nov. 12, 2015) (determining absent trust beneficiaries were required to adjudicate disposition and administration of trust assets, where plaintiff, who was one of six trust beneficiaries, and defendants, who were co-trustees, were "litigating over assets which arguably belong[ed] to the [a]bsent [beneficiaries]," but dismissing action because joining absent beneficiaries would destroy diversity); *Tick v. Cohen*, 787 F.2d 1490, 1492 n.2, 1494 (11th Cir. 1986) (determining absent land trust beneficiaries were required in an action by two of the beneficiaries seeking, *inter alia*¸ a determination that one of the trustees "refuse[d] to distribute the corpus of the trust despite the fact that the purpose of the trust has been fulfilled," but dismissing action because joining absent beneficiaries would destroy diversity); *cf. Grace v. Carroll*, 219 F. Supp. 270, 271, 273, 274 (S.D.N.Y. 1963) (granting defendant co-trustees' Rule 19(b) motion to join New York Attorney General, whose statutory obligation was to represent charitable trust beneficiaries, in an action that plaintiff-grantor of charitable, inter vivos trust commenced seeking to require defendant-co-trustees to account for and pay trust corpus and income to grantor).

Here, although Defendants have not moved under 12(b)(7) for failure to join a party under

Rule 19, the Court *sua sponte* orders the Trustee to join Grantor in this action. First, looking to Rule 19(a)(1)(B), the Court finds that the Trust's references to Grantor and the essence of the Complaint itself demonstrate that she may have an interest in the Trust, and therefore adjudicating this action in Grantor's absence would impede her ability to protect that interest. *See Mutchler v. Wilson*, No. 5:15-CV-150-GNS-LLK, 2015 WL 7015326, at *2 (W.D. Ky. Nov. 12, 2015) ("It is equally clear that the Absentee Parties claim an interest in the subject matter of this case—the Trust assets."). Specifically, Grantor is alleged to be alive, Article 2 of the Trust Agreement addresses disposition of the Trust Corpus during Grantor's lifetime, and Article 3.3 provides that Grantor reserves a limited power to alter the distribution of the Trust Corpus. An adverse ruling here could deprive Grantor of her continued interest in the Trust Corpus and her rights under the Trust Agreement. New York courts have held that "remaindermen have no vested interests [in a trust] until the retained powers of the [grantor] are terminated, usually by death." *City Bank Farmers Tr. Co. v. Cannon*, 51 N.E.2d 674, 676 (1943); *Stephenson v. Landegger*, 337 F. Supp. 591, 594 (S.D.N.Y. 1971), *aff'd*, 464 F.2d 133 (2d Cir. 1972). An example of a power that the grantor retains is a general power of appointment. *Id.*

The Trustee argues that upon Grantor's Spouse's Death, Article 5 superseded Article 2. As noted, Article 5.4 provides that if Grantor's Spouse did not exercise his limited power of appointment, then upon his death, the co-trustees must distribute the remaining Trust Corpus to Debtor, if Debtor is then living. Thus, distributing the remaining Trust Corpus per Article 5.4 would presumably terminate not only Grantor's income interest and limited power of appointment, but the Trust altogether. *See Mutchler v. Wilson*, No. 5:15-CV-150-GNS-LLK, 2015 WL 7015326, at *4 (W.D. Ky. Nov. 12, 2015) (noting that changing disposition of trust in favor of named beneficiary may prejudice absent beneficiaries, as absent beneficiaries would receive a

"token" distribution as a result of change).

Moreover, since this action is premised on the Court declaring pursuant to § 541(a) that the Trust Corpus is property of Debtor's estate, the beneficiaries' respective interests in the Trust are at issue, making Grantor a required party.

In addition, joinder of Grantor is feasible. First, Grantor is subject to service of process; the Trust stated an address for her in East Moriches, New York. Second, this Court would have subject matter jurisdiction to determine Grantor's interest in the Trust. *See, e.g.*, *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ("A proceeding is related to a bankruptcy case when '*the outcome of that proceeding could conceivably have any effect on the estate* …. [and] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)'"); *In re Rouge Indus., Inc.*, 326 B.R. 55, 60–61 (Bankr. D. Del. 2005).

<u>**CONCLUSION**</u>

Based on the foregoing, it is hereby,

**ORDERED** that Defendants' Motion to Dismiss is denied; and it is further

**ORDERED** that pursuant to Rule 7019, the Trustee must file an amended complaint joining Grantor in this action within twenty-one (21) days of this Order being entered.



**Dated: January 8, 2018**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**